## UNITED STATES DISRICT COURT
## DISTRICT OF MINNESOTA

Delawn M. Prince,                                    Civ. No. 21–643 (MJD/BRT)

                          Petitioner,

v.                                                   **REPORT AND
                                                     RECOMMENDATION**

J. Fikes,

                          Respondent.

Delawn M. Prince, *pro se* Petitioner.

Adam J. Hoskins, United States Attorney's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

### BACKGROUND

Petitioner Delawn M. Prince was sentenced by the United States District Court for the Western District of Oklahoma to 120 months' imprisonment followed by a term of 3 years' supervised release after Prince pled guilty to one count of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1). *United States v. Prince*, No. 5:14-cr-114-SLP, Doc. No. 100 (Judgment in a Criminal Case) (W.D. Okla. Jan. 8, 2015). Prince is presently incarcerated at FCI–Sandstone. (Doc. No. 1, Pet. at 1.) Prince has a projected release date of September 19, 2022, via good conduct time release. (Doc. No. 8, Decl. of Shannon Boldt ¶ 4.)

Prince brings a Section 2241 habeas petition challenging the computation and application of time credits pursuant to the First Step Act. Specifically, Prince asserts he

should be awarded between 240 to 390 days of time credits towards his sentence given his participation in programming while incarcerated. (Pet. at 6.) Prince has earned these time credits, he asserts, from 26 months' participation in BOP programming. (Doc. No. 2 at 1–2.) Prince also asserts he has been misclassified as a medium recidivism risk but should be classified as a low recidivism risk instead. (*Id.* at 2.)[1] Thus, were these time credits to be applied and if he were assigned a low recidivism risk, Prince asserts he is eligible for immediate release. (Pet. at 8.)

Prince presented his claim to prison officials on February 10, 2021, and received a response on February 25, 2021. (Pet. at 2.) Prince appealed on March 2, 2021. (*Id.* at 3.) He received a response from the BOP Regional Director on March 28, 2021. (Doc. No. 8-3 at 1.) Prince asserts continued pursuit of the administrative remedy process is futile. (Doc. No. 2 at 2.)

## ANALYSIS

On December 21, 2018, the First Step Act was signed into law. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Among other things, the First Step Act provides that, "[n]ot later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, shall develop and release publicly on the Department of Justice website a risk and needs assessment system." 18 U.S.C. § 3632(a). The Attorney General released the

---

[1]    Under the PATTERN Risk Tool, discussed below, Prince was assigned a medium risk recidivism level in November 2019. (Doc. No. 9, Decl. of Heather Kensy ¶ 6.) He was assigned a medium risk recidivism level again on July 15, 2021. (*Id.*) And then he was again assigned a medium risk recidivism level on January 12, 2021. (*Id.*)

risk and needs assessment system on July 19, 2019. Press Release 19-784, U.S. Dep't of Justice, Department of Justice Announces the Release of 3,100 Inmates Under First Step Act, Publishes Risk and Needs Assessment System, *available at* https://www.justice.gov/opa/pr/department-justice-announces-release-3100-inmates-under-first-step-act-publishes-risk-and (last accessed June 3, 2021). The BOP then had 180 days after the Attorney General completed and released the system to implement and complete the initial needs assessment for each prisoner. 18 U.S.C. § 3621(h). Thus, the deadline was January 15, 2020. Press Release 20-37, U.S. Dep't of Justice, Department of Justice Announces Enhancements to the Risk Assessment System and Updates on First Step Act Implementation, *available at* https://www.justice.gov/opa/pr/department-justice-announces-enhancements-risk-assessment-system-and-updates-first-step-act (last accessed June 3, 2021). The First Step Act then gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation. 18 U.S.C. § 3261(h)(2)(A). This two-year phase-in date has not expired and will not expire until January 15, 2022.

Because the First Step Act does not mandate actual implementation until January 2022, Prince is not entitled to the relief he seeks. *See Jones v. Hendrix*, No. 2:20-CV-00247-ERE, 2021 WL 2402196, at *4 (E.D. Ark. June 11, 2021) (finding petitioner's request premature because "[a]lthough the BOP could, in its discretion, apply earned time credits before January 15, 2022, the [First Step Act] does not compel the BOP to do so"); *Holt v. Warden*, No. 4:20-CV-04064-RAL, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) ("Although the BOP is evading the spirit of a phase-in of FSA earned time credits,

the language Congress chose gives the BOP discretion to determine whether to implement the incentives component during the phase-in period. Consequently, this Court concludes § 3621(h)(4) makes implementation of the FSA earned time credits permissible during the two-year phase-in period, not mandatory."); *Fleming v. Joseph*, No. 3:20cv5990-LC-HTC, 2021 WL 1669361, at *4–*6 (N.D. Fla. Apr. 7, 2021), *report and recommendation adopted by* 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021); *Kennedy-Robey v. FCI Pekin*, No. 20-cv-1371, 2021 WL 797516, at *3 (C.D. Ill. Mar. 2, 2021) (concluding "the statute makes implementation permissive during the System's phase-in period, not mandatory"); *Llewlyn v. Johns*, No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), *report and recommendation adopted by* 2021 WL 307289 (S.D. Ga. Jan. 29, 2021). Indeed, the "overwhelming majority of courts to have considered this issue" have concluded likewise. *Cohen v. United States*, No. 20-cv-10833 (JGK), 2021 WL 1549917, at *3 (S.D.N.Y. Apr. 20, 2021) (collecting cases).

Prince relies on a single case to argue otherwise. *Goodman v. Ortiz*, No. 20-cv-7582 (RMB), 2020 WL 5015613, at *1 (D.N.J. Aug. 25, 2020). In *Goodman*, there was no dispute that Petitioner had earned time credits. *Id.* at *2. Petitioner there merely sought immediate application of those benefits. *Id.* Referring to the phase-in period, the *Goodman* court noted: "Thus, while the statute does not explicitly provide a date when the BOP *must* apply a prisoner's earned credits from participation in recidivism reduction programs, it does require a 2-year phase-in, not only of participation in the programs, but of incentives for participation in the programs." *Id.* at *6 (emphasis in original). Accordingly, the court found "no evidence in the statutory framework for delaying

application of incentives earned by all prisoners during the phase-in program until January 15, 2022, the final date when BOP must complete the phase-in with respect to 'all prisoners.'" *Id.* (citing 18 U.S.C. § 3621(h)(2)(A)). With this phase-in and rapidly-approaching release date of Petitioner, the *Goodman* court granted habeas relief and ordered the BOP to immediately apply Petitioner's earned time credits. *Id.*

This Court could find no other court that has followed the reasoning of the *Goodman* court save for the same court's later decisions.[2] The facts in *Goodman* make it easily distinguishable. The parties did not dispute that Goodman had earned time credits and he was eligible to receive them. But here, Prince and the Government are worlds apart on the time credits Prince has earned. Prince asserts he has earned between 240 to 390 days depending on his recidivism risk classification. The Government, on the other hand, says Prince may be eligible for as little as 2.25 days of time credits based on the 18 hours of programming successfully completed. Other courts have agreed that this is sufficient to distinguish *Goodman*. *Bradley v. Spaulding*, No. 3:20-cv-2294, 2021 WL 1964598, at *2 (M.D. Pa. May 17, 2021) ("*Goodman* is inapplicable to Petitioner's circumstance because the parties dispute whether Petitioner has successfully completed programs that he would be eligible for additional time credits under the First Step Act. Thus, the issue here is not one only involving statutory construction."); *Monteiro v.*

---

[2]    *Hare v. Ortiz*, No. 20-cv-14093 (RMB), 2021 WL 391280 (D.N.J. Feb. 4, 2021) (following *Goodman* to hold that Petitioner is entitled to time credits, but finding the record incomplete to calculate the total number of time credits earned); *Gare v. Ortiz*, No. 20-cv-16416 (RMB), 2021 WL 571600, at *4 (D.N.J. Feb. 16, 2021) (same). The court ultimately denied Hare habeas relief when evidence was submitted. *Hare v. Ortiz*, No. 20-cv-14093 (RMB), 2021 WL 1346253 (D.N.J. Apr. 12, 2021).

*Spaulding*, No. 1:20-cv-2116, 2021 WL 1721571, at *3 (M.D. Pa. Apr. 30, 2021) (parties

disputed whether petitioner had successfully completed the RDAP program such that he

would be eligible for additional time credits under the First Step Act).

In sum, even ignoring Prince's failure to exhaust administrative remedies,[3] he has

no ripe claim to pursue with respect to earned time credits and his habeas petition must be

dismissed.

Finally, while the claim is merely a subpart of his main time credits claim, Prince

cannot challenge his security classification. This is because federal prisoners have no

---

[3]    The Court is sympathetic to Prince's claim that exhaustion here is futile. Prince
requested that the BOP evaluate the application of time credits to his sentence. Rather
than addressing Prince's administrative claim, Prince twice received the exact same
response merely stating that the BOP is working to implement the First Step Act. (Doc.
No. 8-3 at 1, 4.) Indeed, rather than provide Prince any direct answer, both responses
couched themselves as "for informational purposes only." Based on these two responses,
there is no reason to expect that Prince's further appeals would result in a bespoke answer
rather than another stock regurgitation. Indeed, the Government's arguments here and in
the cases facing similar time credits challenges indicates the same stance: the
Government has until January 2022 to fully implement this program and it intends to do
so then and not any sooner. *Ragsdale v. Cox*, No. 4:20-cv-4203-RAL, 2021 WL 1909780,
at *3 (D.S.D. May 12, 2021) ("The BOP has chosen not to offer the FSA time credits
prior to January 15, 2022.").

But even then, "independent of the nature of the claim asserted, requiring
exhaustion has other benefits." *Maggio v. Joyner*, No. 7:21-cv-21-DCR, 2021 WL
1804915, at *2 (E.D. Ky. Mar. 25, 2021). Exhaustion of administrative remedies ensures
that: (1) an agency has an opportunity to review and revise its actions before litigation is
commenced, preserving both judicial resources and administrative autonomy; and
(2) promotes efficiency because "[c]laims generally can be resolved much more quickly
and economically in proceedings before an agency than in litigation in federal court."
*Woodford v. Ngo*, 548 U.S. 81, 89 (2006). While the lower levels of the administrative
process may be directed to apply the "for informational purposes only" answers like they
were here, the upper levels have more authority to provide finite answers or even shift
BOP policy. Prince did not afford that the upper echelon of BOP that opportunity here.

constitutional or inherent right to receive a particular security or custody classification.

*See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) ("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."); *see also Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution."); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"). Accordingly, to the extent Prince challenges his medium recidivism risk level, it should be rejected.

## RECOMMENDATION

Based on all the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Delawn M. Prince's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (**Doc. No. 1**) be **DENIED**.

Date: June 16, 2021                                   *s/ Becky R. Thorson*
                                                      BECKY R. THORSON
                                                      United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen (14) days**. A party may respond to those objections within **fourteen (14) days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).